**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0375-17T1

IN THE MATTER OF THE
ESTATE OF ALBERT J.
GUGLIELMELLI, DECEASED

_____

Submitted May 29, 2018 - Decided September 6, 2018

Before Judges Accurso and O'Connor.

On appeal from Superior Court of New Jersey,
Chancery Division, Probate Part, Camden
County, Docket No. CP-000096-15.

Jehl & Fabian, attorneys for appellants
Geraldine M. Guglielmelli and Denise Green
(Joseph F. Fabian, on the brief).

Archer & Greiner, PC, attorneys for
respondent Donna Mulford (Anthony R. La
Ratta, on the brief).

PER CURIAM

When Albert J. Guglielmelli died in 2008, he left a widow,

plaintiff Geraldine M. Guglielmelli, and two daughters,

defendant/third-party plaintiff Donna Mulford and third-party

defendant Denise Green.  The Guglielmellis had been married for

decades at Albert's death, and he had always handled the

family's finances.  Mulford, who had moved back in with her

parents following a divorce fifteen years before, continued living with her mother after her father's death and assumed responsibility for her mother's finances under a power of attorney. Mulford also served as the executrix of her father's estate, Guglielmelli and Green having renounced in her favor.

Several months after Albert's death, Guglielmelli and Mulford became estranged from Green. During the estrangement, Guglielmelli executed a Will in June 2008, devising her real property, then consisting of her home in Cherry Hill, to Mulford and leaving nothing to Green. Two months later, Guglielmelli and Mulford moved into a home in Runnemede they purchased together as joint tenants. In 2009, Guglielmelli, with the assistance of Mulford and a lawyer, sold the Cherry Hill house.

Guglielmelli and Mulford reconciled with Green sometime in 2009. In 2010, Guglielmelli made a new Will. In the 2010 Will, Guglielmelli again left her real property to Mulford but divided the remainder of her assets equally between Mulford and Green.

In December 2014, Guglielmelli, then eighty-eight, was hospitalized. Mulford, who worked full-time as a special education teacher, determined she could no longer care for her mother at home. According to Mulford, her mother had become increasingly unable to care for herself, forgetting to turn off the stove, for example, making Mulford fearful of leaving her

alone.  Accordingly, Mulford made arrangements for her mother to enter assisted living following her release from a rehabilitation facility upon her discharge from the hospital in January 2015.  Mulford also engaged an attorney to advise her and Guglielmelli about Medicaid planning.  In February, while in the assisted living facility, Guglielmelli executed a deed transferring her interest in the Runnemede home she shared with Mulford to Mulford.

Guglielmelli was unhappy in assisted living.  In March, Green removed Guglielmelli from the facility without telling Mulford and moved their mother into her home.  Green also arranged for Guglielmelli to revoke the power of attorney to Mulford and execute a new power in favor of Green.  Shortly thereafter, Guglielmelli, with Green's assistance, hired a lawyer to demand Mulford produce accountings of both the estate and the funds Mulford had managed pursuant to the power of attorney.  Mulford had never prepared an accounting for the estate and neither Guglielmelli nor Green had ever requested one.  Similarly, Mulford had never accounted to Guglielmelli in the seven years she handled her mother's finances following her father's death.

When Mulford failed to produce the requested accountings, Guglielmelli sued her, demanding she account.  Mulford hired

counsel, filing an answer, a counterclaim against her mother for compensation for the care and personal services provided her for seven years and damages for malicious prosecution, and a third-party complaint against Green alleging malicious prosecution and "undue influence."

The Probate Part judge ordered Mulford to account. With her counsel's assistance over the course of many months, Mulford laboriously produced two accountings, one for her father's estate and one spanning the seven years she managed her mother's finances. Guglielmelli filed exceptions and the Probate Part judge conducted four full days of trial, hearing testimony from all the parties and Green's husband. After Guglielmelli concluded her case, Mulford moved to dismiss the complaint, which the judge granted. The judge put a detailed opinion on the record from the bench, recapping the testimony, her impressions of the witnesses and Guglielmelli's failing memory, and addressing each of Guglielmelli's several concerns about the accountings.

The judge concluded Guglielmelli voluntarily executed the deed transferring her fifty percent interest in the Runnemede house she shared with Mulford to Mulford for Medicaid planning purposes, consistent with the testamentary intent Guglielmelli

expressed in both her 2008 and 2010 Wills. Summarizing her

findings, the judge concluded:

> The bottom line is there haven't been any proofs provided to me that there was undue influence exercised on this lady by Donna Mulford; that there is any deficiency in the accounting that can be rectified by accumulating specific vouchers, invoices, and receipts from the various providers.
>
> And I believe that the sale of the [Runnemede house] was appropriate because I think that Mrs. Guglielmelli, in the interest of Medicaid planning, and in being able to protect the interest in the house for her daughter, who that was her primary residence, signed a deed.
>
> And I can't — I just can't see where this case should continue, where it should go any further. I think that the case is a sad case, like I said before. I think that Mrs. Guglielmelli has absolutely no idea what she started out with, nor did she care. She was happy to go along. . . .

The judge dismissed all remaining claims and permitted

Mulford to file an application for fees, limited to the period

following the last deposition, at which point the court

concluded "there was enough information provided to Ms. Green

and Ms. Guglielmelli coupled with Ms. Guglielmelli's inability

to recall much of what her estate and that of her husband even

consisted of to lead to the conclusion that the litigation

should have been terminated." Mulford sought $78,623.38 for

that limited period. Considering the "very limited means" of

all parties, the court awarded $20,000 "as a modest contribution" by Green and Guglielmelli to Mulford, whose fees for the entire case were well in excess of $100,000.

Guglielmelli appeals the dismissal of her accounting action, claiming the court erred in approving the accountings and should have instead vacated the deed Guglielmelli was "tricked" into signing and ordered the Runnemede house sold and the proceeds divided.

We reject those arguments as without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E). Final determinations of the trial court in a non-jury case are subject to a limited and well-established scope of review: "we do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" In re Trust Created By Agreement Dated December 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008) (quoting Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Applying that standard provides us no basis to disturb the judge's findings here.

A-0375-17T1

Guglielmelli and Green also appeal the fee award, contending it was not permitted pursuant to R. 4:42-9. We agree. There is no provision in our statutes, rules or case law for the award of fees in an accounting action. See ibid.; In re Estate of Vayda, 184 N.J. 115, 123 (2005). Nor can the fee award be justified as a litigation sanction as Green did not seek fees under the Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1; R. 1:4-8, or attempt to comply with its requirements. See Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 64 (2007). Mulford did not prevail on any affirmative claim. Accordingly, we reverse the fee award.

Dismissal of the complaint for an accounting is affirmed. The court's award of $20,000 in fees to Mulford from Guglielmelli and Green is reversed.

Affirmed in part, reversed in part.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0375-17T1